## In the Matter of UITERWYK LINES (WEST AFRICA) LIMITED, Debtor(s).

### Bankruptcy No. 83–169.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 13, 1987.

Norman Stallings, Jr., Gibbons, Tucker, Miller, Whatley & Stein, Tampa, Fla., Peter C. Lambos, Lambos, Flynn, Nyland & Giardino, Susan G. Barres, Law Offices of Thomas W. Gleason, New York City, for NYSA–ILA Pension Trust Fund and Plan.

Don M. Stichter, Stichter & Riedel, Tampa, Fla., for Uiterwyk Lines (West Africa) Ltd.

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEBTOR'S OBJECTION TO CLAIM #127 OF NYSA–ILA PENSION TRUST FUND AND PLAN AND ORDER ON OBJECTION TO CLAIM #127 OF NYSA–ILA PENSION TRUST FUND AND PLAN

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case, and the matter under consideration is a challenge by Uiterwyk Lines (West Africa) Limited, the Debtor in the above-captioned case, to the allowability of the claim of Nysa-Ila Pension Trust Fund and Plan (Nysa-Ila) filed in the above-captioned case. The controversy centers around Claim #127 of Nysa-Ila based on the contention that pursuant to the Employee Retirement Income Security Act (ERISA), Pub.L.No. 93–406, 88 Stat. 829 (1974), as amended by the Multiemployer Pension Plan Amendments Act ("the MPPAA"), Pub.L.No. 96–364, 94 Stat. 1208 (1980), West Africa is liable to the Pension Plan because of its withdrawal from ERISA.

The Objection was originally heard, and the initial consideration focussed on the limited issue of whether or not West Africa is a "employer" within the meaning of that term used in ERISA and its amendment. The contention of West Africa that it was not an "employer" was initially sustained, but on appeal the District Court reversed and held that West Africa was, in fact, an "employer" within the meaning of the Statute; and therefore, may be liable to Nysa-Ila for withdrawing from the Pension Plan. Pursuant to the Order of Remand the Objection was reset for final resolution. The matter was presented by a pleading entitled "Notice of Motion for Partial Summary Judgment on Debtor's Objections to Claim of Nysa-Ila Pension Trust Fund and Plan in Claim No. 127—Uiterwyk Lines (West Africa), Ltd." While this notice did not state the essential requirements of a Motion for Summary Judgment under F.R.

C.P. 56 as adopted by Bankruptcy Rule 7056, it appears that there are no genuine issues of material facts and the matter can be resolved as a matter of law. The original submission by Nysa-Ila indicated that it was supposed to be a Motion of Partial Summary Judgment, since counsel for West Africa also filed a Motion for Summary Judgment, albeit, not in time to be properly noticed and heard, both sides agreed that the Court should also consider the motion of West Africa, and the matter is now ripe for final disposition.

The issue remaining on remand is whether the provisions of 29 U.S.C. § 1405(b), 29 U.S.C. § 1362, and 11 U.S.C. § 502(b)(7) of the Bankruptcy Code would operate to limit the amount of withdrawal liability of the Debtor.

It is alleged by West Africa that there are no factual issues in dispute as to 11 U.S.C. § 502(b)(7) and 29 U.S.C. § 1362, but Nysa-Ila argues that factual issues remain as to the Debtor's insolvency when the Chapter 11 was filed and would require evidence to establish this issue under the applicability of 29 U.S.C. § 1405(b). The Debtor maintains that the schedules and petition filed by West Africa plainly show insolvency and asked the Court to take judicial notice of this part of the record. Accordingly, the Debtor maintains that there are no factual issues in dispute, therefore, it is entitled to the relief it seeks as a matter of law.

The Debtor concedes that the partial motion for summary judgment should be granted in favor of Nysa-Ila as it pertains to 11 U.S.C. § 502(b)(7) and 29 U.S.C. § 1362 since as a matter of law these sections do not limit Nysa-Ila's claim. Based on the foregoing, this Court is satisfied that partial summary judgment should be granted in favor of Nysa-Ila and the Debtor's Objection based on 11 U.S.C. § 502(b)(7) and 29 U.S.C. § 1362 should be overruled. This leaves for consideration the application of 29 U.S.C. § 1405(b) to the Objection to the claim of Nysa-Ila.

Section 1405 of 29 U.S.C., titled "Limitation on Withdrawal Liability" provides in subclause (b) as follows:

In the case of an insolvent employer undergoing liquidation or dissolution, the unfunded vested benefits allocable to that employer shall not exceed an amount equal to the sum of—

(1) 50 percent of the unfunded vested benefits allocable to the employer (determined without regard to this section), and

(2) that portion of 50 percent of the unfunded vested benefits allocable to the employer (as determined under paragraph 1) which does not exceed the liquidation or dissolution value of the employer determined—

(A) as of the commencement of liquidation or dissolution, and

(B) after reducing the liquidation or dissolution value of the employer by the amount determined under paragraph (1).

The term "insolvency" is dealt with by § 1405(d), which provides as follows:

For purposes of this section—

(1) an employer is insolvent if the liabilities of the employer, including withdrawal liability under the plan (determined without regard to subsection (b) of this section), exceed the assets of the employer (determined as of the commencement of the liquidation or dissolution), and

(2) the liquidation or dissolution value of the employer shall be determined without regard to such withdrawal liability.

The schedules filed by the Debtor in this case, of which this Court takes judicial notice, reveal the following:

| | |
|---|---|
| Total Liabilities on Schedule A | $20,564,516.98 |
| Total Assets on Schedule B | $ 2,655,331.77 |

The schedules clearly show that the Debtor was insolvent on the date of the commencement of the case. Based on this, this Court is satisfied in the absence of any evidence to the contrary that there is no factual dispute on the insolvency issue, and for this reason the Objection of West Africa to the Claim of Nysa-Ila based on 29 U.S.C. § 1405(b) can be determined as a matter of law and be sustained.

Claim # 127 of Nysa-Ila was stipulated to be in the amount of $218,213.93. The language in 29 U.S.C. § 1405(b) is arduous at best, but the bottom line is that the Debtor's liability based on the withdrawal must be reduced by 50%, and Claim # 127 should be allowed as an unsecured claim in the amount of $109.106.96.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Partial Summary Judgment on Debtor's Objection to Claim # 127 of Nysa-Ila Pension Trust Fund and Plan be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Objection to Claim # 127 of Nysa-Ila Pension trust Fund and Plan be, and the same is hereby, sustained in part and overruled in part and the claim of Nysa-Ila is allowed as unsecured in the amount of $109,106.96.